Filing # 91181540 E-Filed 06/17/2019 11:00:04 AM

IN THE CIRCUIT COURT OF THE EIGHTEENTH
CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA
CIVIL DIVISION

DAN HALL,

  Plaintiff,

vs.           CASE NO.:

ADVANCED IT CONCEPTS, INC.,
a Florida Profit Corporation, and
TRINET HR III, INC., a Foreign
Profit Corporation,

  Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DAN HALL ("Plaintiff"), by and through undersigned counsel, hereby files this Complaint against Defendants, ADVANCED IT CONCEPTS, INC., and TRINET HR III, INC., (collectively "Defendants") and in support thereof states as follows:

### JURISDICTION

1. The Plaintiff's claim exceeds fifteen thousand dollars ("$15,000.00"), exclusive of attorney's fees, for violations of the Fair Labor Standards Act ("FLSA"), which entitles eligible employees to overtime premium pay. Jurisdiction is proper in this court pursuant to section 26.012, Florida Statutes and 29 U.S.C. § 216(b)("An action to recover the liability ...may be maintained against any employer ... in any ... State court of competent jurisdiction).

2. Defendant, ADVANCED IT CONCEPTS, INC., assist its customers with the design and implementation of IT solutions out of Winter Springs, Florida (Seminole County).

3. Defendant, TRINET HR III, INC., provides human resources solutions to its clients such as assistance with recruiting, onboarding of hires, benefits, risk mitigation, payroll,

etc., out of Seminole County, Florida.

4. The actions giving rise to this suit occurred in Seminole County, Florida.

5. Plaintiff, DAN HALL, was an employee of the Defendant within the last three (3) years (2016-2019).

6. Defendants conducted business in Seminole County, Florida at all times relevant to this action.

## COVERAGE

7. At all times material hereto (2016-19), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

8. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of FLSA.

9. At all times material hereto, Defendant ADVANCED IT CONCEPTS, INC., was and continues to the "employer" within the meaning of the FLSA.

10. Defendant TRINET HR III, INC., was and continues to be an "employer" within the meaning of the FLSA.

11. At all times material hereto, Defendant ADVANCED IT CONCEPTS, INC., was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

12. At all times material hereto, Defendant TRINET HR III, INC., was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

13. Based upon information and belief, the annual gross revenue of Defendant ADVANCED IT CONCEPTS, INC., individually and separately, was in excess of $500,000.00 per annum during the relevant time periods.

14. Based upon information and belief, the annual gross revenue of Defendant

TRINET HR III, INC., individually and separately, was in excess of $500,000.00 per annum during the relevant time periods.

15. At all material times relevant to this action (2016-19), Defendant ADVANCED IT CONCEPTS, INC., had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (i.e. mechanical equipment, telephones, computers, pens, and paper).

16. At all material times relevant to this action (2016-19), Defendant TRINET HR III, INC., had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce (i.e. mechanical equipment, telephones, computers, pens, and paper).

17. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

18. Defendants had the responsibility to maintain employment records as they pertained to the FLSA.

## STATEMENT OF FACTS

19. Plaintiff was employed with Defendant from approximately April 15, 2017 through April 2018.

20. Plaintiff's job tile was "Telecommunications Technician."

21. Plaintiff was paid at a rate of $27.00 per hour.

22. Plaintiff's job duties included, but were not limited to: running network cables, climbing ladders, inspecting work, and ordering materials.

23. Plaintiff did not have any authority to hire employees.

24. Plaintiff did not have any authority to fire employees.

25. Plaintiff did not exercise independent discretion and independent judgment with respect to matters of significance.

26. Plaintiff should have been classified as a non-exempt employee by Defendant.

27. Plaintiff was assigned work by supervisors.

28. Plaintiff was assigned a set schedule by supervisors.

29. Plaintiff followed Defendant's instructions on how to perform his work assignments.

30. Plaintiff had security clearance at the base where he worked.

31. Plaintiff arrived early and stayed late in order to open and close the gates of the base.

32. Plaintiff was not compensated for his time arriving early or staying late to operate the gates.

33. Defendant knew or should have known of Plaintiff's schedule and hours worked each week.

34. Plaintiff was entitled to receive overtime compensation for all hours worked over forty (40) which should have been paid at a rate of one and one-half times his hourly rate of pay.

35. During Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per work week during one or more work weeks.

36. When Plaintiff worked overtime hours, he worked an average of 14.11 hours over 40 hours per week.

37. Plaintiff was not compensated at time-and-one-half for all hours worked in excess of 40 hours in a workweek because he was misclassified as an "exempt employee".

38. Due to this pay policy or practice by the Defendant, Plaintiff was never paid overtime compensation for any of the overtime hours worked.

39. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendant.

40. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COUNT I - VIOLATION OF 29 U.S.C. 207 OVERTIME COMPENSATION

41. Plaintiff re-alleges and incorporates paragraphs 1-40 as if fully set forth herein.

42. Plaintiff regularly worked in excess of forty (40) hours per week.

43. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

44. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

45. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

46. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

47. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

48. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered

and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

50. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

51. Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

52. Plaintiff demands a trial by jury.

53. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week while employed; an equal amount in liquidated damages;

awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this __17th__ day of June, 2019.

Respectfully submitted by,

**/s/ Louis Montone**
Carlos V. Leach, Esq.
Fla. Bar No.: 540021
Louis Montone, Esq.
Fla. Bar No.: 0112096
The Leach Firm, P.A.
1950 Lee Road, Suite 213
Winter Park, Florida 32789
Office:   (407) 574-4999
Facsimile: (833) 423-5864
E-mail: cleach@theleachfirm.com
 E-mail: lmontone@theleachfirm.com
*Attorneys for Plaintiff*